UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PEDRO REVOLLO,** **Plaintiff** | * * * | **CIVIL ACTION NO. 2:16-cv-00132** |
| **v.** | * * | **JUDGE MINALDI** |
| **CREDIT BUREAU OF THE SOUTH, INC.,** **Defendant** | * * | **MAGISTRATE JUDGE KAY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 10) filed by the Credit Bureau of the South, Inc. (defendant). Pedro Revollo (plaintiff) filed no response to the defendant's Motion for Summary Judgment. Also before the court is the plaintiff's Voluntary Motion to Dismiss without Prejudice (Rec. Doc. 16) and the defendant's response (Rec. Doc. 17). For the following reasons, the defendant's Motion for Summary Judgment will be **DENIED AS MOOT**, and plaintiff's Voluntary Motion to Dismiss will be **GRANTED** except **WITH PREJUDICE**.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed the current action in January 2016 alleging that the defendant violated the Federal Fair Debt Collection Practices Act.[1] The plaintiff's claim was based on letters he received from the defendant in March 2015.[2] Prior to filing suit against the defendant, in November 2015, the plaintiff filed for bankruptcy and failed to list this action as a potential asset.[3] In January 2016, the plaintiff confirmed in a proceeding before the bankruptcy court that

---

[1] Compl. (Rec. Doc. 1).
[2] *Id.*
[3] Voluntary Pet. for Bankr. (Rec. Doc. 10-2), In re *Pedro Revollo, Julieta Garcia Selgas*, Case No. 15-20987.

1

his filings were accurate and did not mention the current suit as a potential asset.[4] The defendant then filed a Motion for Summary Judgment based on a theory of judicial estoppel (Rec. Doc. 10), and the plaintiff filed a Voluntary Motion to Dismiss (Rec. Doc. 16).

## LAW & ANALYSIS

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, if a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper." Generally voluntary dismissals are freely granted, but if the nonmoving party suffers a "plain legal prejudice," the court will not grant plaintiff's request. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citations omitted). If the nonmoving party is prejudiced, the court may either deny the motion to dismiss or impose conditions on the dismissal, such as dismissing the suit with prejudice. *Elbaor*, 279 F.3d at 317-19.

Here, the defendant will suffer "plain legal prejudice" because the plaintiff's motion to voluntarily dismiss the case appears to be an attempt to avoid an adverse ruling on defendant's Motion for Summary Judgment. A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). When ruling on a motion for summary judgment, the district court

---

[4] Transcript of Bankr. Ct. Proceeding (Rec. Doc. 10-4).

draws all reasonable inferences in favor of the nonmoving party. *Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008)*.

In its Motion for Summary Judgment, the defendant argues that the plaintiff is judicially estopped from bringing the current claim because the claim was not included in the plaintiff's bankruptcy proceedings. A plaintiff is judicially estopped if the following three requirements are met: (1) "its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." In re *Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (citing In re *Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). The Fifth Circuit in In re *Superior Crewboats, Inc.*, determined that the plaintiff's failure to disclose a potential tort claim in its bankruptcy proceedings estopped it from bringing the claim in a separate lawsuit, finding that a failure to disclose was not inadvertent. *Id.* at 335-36. Likewise here, the defendant has presented evidence that the plaintiff did not disclose the current action as a potential asset and therefore took inconsistent positions in the current action and the bankruptcy proceeding.[5] The defendant has presented evidence that the bankruptcy court accepted the plaintiff's position regarding assets in the bankruptcy proceeding,[6] and under the reasoning of In re *Superior Crewboats*, the failure to disclose was not inadvertent. The plaintiff has not presented any argument that judicial estoppel should not apply to him, but rather seeks to dismiss the case without prejudice.[7]

The court finds that the motion to dismiss is an attempt to avoid an imminent adverse ruling. Therefore, the defendant suffers a plain legal prejudice, and the court cannot properly grant the motion to dismiss without prejudice. However, the defendant's prejudice can be cured by granting the motion to dismiss with prejudice. Accordingly, the defendant's Motion for

---

[5] Voluntary Pet. for Bankr. (Rec. Doc. 10-2).
[6] Transcript of Bankr. Ct. Proceeding (Rec. Doc. 10-4).
[7] Voluntary Mtn to Dismiss (Rec. Doc. 16).

3

Summary Judgment (Rec. Doc. 10) will be **DENIED AS MOOT**, and the plaintiff's Voluntary Motion to Dismiss (Rec. Doc. 16) will be **GRANTED** with the condition that the case is dismissed with prejudice.

Lake Charles, Louisiana, this ___ day of _____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4